**Wei ZHENG, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 01–70372.
INS No. A72–115–637.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2002.

Decided Aug. 20, 2002.

---

Before BROWNING, HUG and BERZON, Circuit Judges.

1. In addition, a deportation order is "final when issued, irrespective of the later filing of

## MEMORANDUM *

Wei Zheng, a native and citizen of the People's Republic of China, petitions for review from the Board of Immigration Appeals' ("BIA") denial of his motion for reconsideration of its prior decision denying as untimely his motion to reopen deportation proceedings based on ineffective assistance of counsel and to apply for relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1105(a) as modified by the transition rules for judicial review enacted by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, Div. C, Title III–B, 110 Stat. 3009–546 (Sept. 30, 1996). We grant the petition for review. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as necessary to explain our decision.

In his petition for review, Zheng asks this Court to review the Board's July 10, 1995 Final Order of Deportation as well as its February 5, 2001 decision to deny Zheng's Motion to Reconsider. However, under § 309(c)(4)(C) of IIRIRA, a petition for review "must be filed not later than 30 days after the date of the final order of exclusion or deportation." As Zheng did not file his petition for review until March 7, 2001, this Court only has jurisdiction to review the denial of reconsideration.[1]

The Board denied Zheng's motion for reconsideration on the grounds that Zheng failed to point to any legal or factual errors

a reconsideration motion, and the aggrieved party [must] seek judicial review of the order within the specified period." *Stone v. INS*, 514 U.S. 386, 395, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)

committed by the Board in its previous decision. However, Zheng's motion should not be so narrowly construed. Although labeled as a motion to reconsider, the whole tenor of his motion is to reopen to consider new evidence. Zheng's motion asks the Board to consider supplemental evidence that would support his CAT application—evidence relating to his own particular situation, in addition to more general information regarding the incidence of sterilization in the Guangdong province.

The purpose of a motion to reopen "is to present new facts or evidence that may entitle the alien to relief from deportation." *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 (9th Cir.2001). At oral argument, counsel for the INS conceded that the BIA does treat motions to reconsider as motions to reopen when the text of the motion so indicates.

By placing undue emphasis on the label Zheng attached to his motion, the Board's approach fails to account for the new evidence highlighted within that motion. We conclude the BIA should have treated this as a motion to reopen and remand for the BIA to consider whether Zheng has met the criteria for reopening and if so, whether the Board should exercise its discretion favorably to reopen Zheng's deportation proceedings.

PETITION FOR REVIEW GRANTED.

---

* The panel unanimously finds this case suitable for submission without oral argument. Fed. R.App. P. 34(a)(2).

** Honorable Harlington Wood, Jr., Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3